```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PALMAREAL PRODUCE CORPORATION,

                        Plaintiff,

        — against —                              MEMORANDUM and ORDER

DIRECT PRODUCE #1, INC. and ILAN                 07-CV-1364 (SLT)(RLM)
OHIOAN, individually,

                        Defendants.
-------------------------------------------------------------X
```

**TOWNES, United States District Judge:**

Plaintiff, Palmareal Produce Corporation ("Plaintiff"), commenced this action on April 2, 2007, against defendants Direct Produce #1 ("Direct Produce") and Ilan Ohioan, individually as an officer or director of Direct Produce, (collectively, "Defendants") for Defendants' failure to pay for certain perishable agricultural commodities ("Produce") Plaintiff delivered to Defendants. Complaint ("Compl.") ¶¶ 6-11. Specifically, Plaintiff alleges that Defendants' conduct violated the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a, *et seq.*, breached their fiduciary duties under PACA, and breached an applicable contract.

Process was served upon Defendants via personal service upon Ilan Ohioan, as an individual and as an officer or director of Direct Produce. Defendants failed to timely file an answer or otherwise respond to the Complaint, and on June 10, 2007, the Clerk of the Court entered Defendants' default. Now, Plaintiff moves for a default judgment against Defendants. For the reasons set forth below, Plaintiff's motion is granted and judgment shall be entered in the amount of $22,046.94 plus prejudgment interest at a daily rate of $11.02, based upon a June 15, 2006, accrual date, and $5,508.20 in attorneys' fees and costs.

### A. *The Consequences of Defendants' Default*

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992); *see also Chen v. Jenna Lane, Inc.*, 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998). Accordingly, by defaulting in this case, Defendants have conceded, *inter alia*, that they entered into contracts with Plaintiff where Defendants agreed to purchase Produce supplied by Plaintiff, that on or about May 24, 2006, Plaintiff supplied conforming Produce, and that Defendants failed to pay in accordance with the invoice's terms. Compl. ¶¶ 24-26, Exh. A.[1] In its motion for default judgment, Plaintiff also states that it provided Defendants with written notice of its intention to preserve the PACA trust benefits, as demonstrated by the preservation language included in the invoice sent to Defendants on or about May 24, 2006. Affidavit of Coy L. Burrows, sworn to August 1, 2007 ("Burrows Aff.") ¶¶ 9-10.

As a result of Defendants' admissions, Plaintiff has asserted legally sufficient claims under PACA, *see* 7 U.S.C. § 499e(c); *see also D.M Rothman & Co., Inc. v. Korea Commercial Bank of New York*, 411 F.3d 90, 96 (2d Cir. 2005) ("a PACA trust is automatically established each time a broker or merchant purchases perishable commodities upon credit [and suit may be brought once a notice of intent to preserve the PACA trust is provided to the purchaser]"); *Watermelon Exp., Inc. v. Marine Park Farmer's Market, Inc.*, No. CV 05-4649, 2007 WL

---

[1] Plaintiff's Complaint references a chart and invoice annexed to the Complaint as "Exhibit A." Compl. ¶¶ 6-11. Although the documents attached are not labeled as an exhibit, this Court will nonetheless treat the documents as constituting "Exhibit A."

4125111, at *3 (E.D.N.Y. Sept. 14, 2007) (Report and Recommendation of Orenstein, M.J.) (finding that, with facts similarly asserted here, the plaintiff "has stated a valid claim under PACA . . .") as well as breach of fiduciary duty,[2] *see Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 706 (2d Cir. 2007) ("a PACA trustee's actions or omissions constitute a breach of fiduciary duty . . . [when he or she] 'in any way encumbered the funds or rendered them less freely available to PACA creditors.' ") (quoting *D.M. Rothman,* 411 F.3d at 99). In addition, Plaintiff has asserted a valid claim for breach of contract under New York law.[3] *See Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000) (noting that a plaintiff must prove: (1) the existence of a contract, (2) performance by plaintiff, (3) breach of the contract by defendant, and (4) damages resulting from the breach); *see also AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs.*, No. 06 Civ. 2142, 2007 U.S. Dist. LEXIS 90144, at *19-*21 (S.D.N.Y. Dec. 7, 2007) (finding that the plaintiff provided sufficient evidence of the defendant's breach of a contract, which was uncontradicted).

Although Defendants have admitted liability, this Court must "conduct an inquiry in order to ascertain the amount of [Plaintiff's] damages with reasonable certainty. *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (quoting *Transatlantic*

---

[2] Although Ohioan is sued in his personal capacity, PACA permits personal liability for persons who are in control of the PACA trust's assets (*i.e.*, are PACA trustees) and fail to preserve the assets. *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2d Cir. 2007). Given Ohioan's default, Plaintiff has sufficiently shown that Ohioan is personally liable for PACA violations. Compl. ¶ 3, 6-11.

[3] Although Plaintiff fails to address the choice of law issue, this Court will apply New York law. *See Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 98 (2d Cir. 2000) (court saw "no reason not to apply New York law" where "[t]he parties have clearly, if tacitly, agreed that New York law governs this litigation" and "in light of the plaintiff's residence in New York."); *Tehran-Berkeley Civil and Environmental Engineers v. Tippetts-Abbett-McCarthy-Stratton,* 888 F.2d 239, 242 (2d Cir. 1989) ("consent to use a forum's law is sufficient to establish choice of law").

*Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997). To complete its inquiry, this Court need not conduct a hearing, but may instead rely upon the evidence submitted by Plaintiff in support of its motion. *See Transatlantic Marine*, 109 F.3d at 111.

## B.   *Unpaid Invoices*

In establishing the amount of its damages, Plaintiff relies upon the invoice annexed to the Complaint and the Burrows Affidavit, which includes a "PACA Trust Chart" annexed thereto. Based upon these documents, it is clear that Plaintiff provided Defendants with Produce valued at $22,046.94, an amount that Defendants have refused to pay. As such, Defendants are jointly and severally liable for the principal amount due on the unpaid invoices, in the amount of $22,046.94.

## C.   *Prejudgment Interest, Attorneys' Fees, and Costs*

Plaintiff also seeks to recover prejudgment interest and attorneys' fees, based upon certain provisions included in the invoice it sent to Defendants. "PACA itself does not create a right to attorneys' fees or interest, but where the parties' contracts include such terms, they can be awarded (and are subject to the PACA trust) as 'sums owing in connection with' perishable commodities transactions under PACA." *Top Banana, L.L.C. v. Dom's Wholesale & Retail Center, Inc.*, No. 04 Civ. 2666, 2005 WL 1149774, at *2 (S.D.N.Y. May 16, 2005) (Report and Recommendation of Peck, M.J.) (quoting 7 U.S.C. § 499e(c)(2)); *see also Coosemans Specialties*, 485 F.3d at 709 ("we agree with our sister circuits that where the parties' contracts include a right to attorneys' fees, they can be awarded . . . under PACA."). Although some courts have deemed the collection of prejudgment interest as a matter left to the court's discretion since PACA does not explicitly create a right to prejudgment interest, *see Fresh Kist*

4

*Produce, LLC v. Choi Corp., Inc.*, 251 F. Supp. 2d 138, 141-42 (D.D.C. Mar 10, 2003); *Valley Chip Sales, Inc. v. New Arts Tater Chip Co.*, No. 96-2351-JWL, 1996 WL 707028, at *6 (D.Kan. Oct. 10, 1996); *E. Aramata, Inc. v. Platinum Funding Corp.,* 887 F. Supp. 590, 595 (S.D.N.Y. 1995), courts in this jurisdiction generally award prejudgment interest according to the contract between the parties when it provides for the collection of such interest. *See, e.g.*, *Dayoub Marketing, Inc. v. S.K. Produce Corp.*, No. 04 Civ. 3125, 2005 WL 3006032, at *4 (S.D.N.Y. Nov. 9, 2005) (awarding prejudgment interest at a contractual rate of 1.5% per month); *Morris Okun, Inc. v. Harry Zimmerman, Inc.,* 814 F. Supp. 346, 351 (S.D.N.Y. 1993) (awarding contractual interest rate of 1.25% per month on unpaid invoices).

Here, the invoice that Defendants have failed to pay provides for the collection of both prejudgment interest and attorneys' fees. The prejudgment interest provision states, "Invoices over 30 days will incur a finance charge of 1.5% monthly." Compl., Exh. A. Another provision of the invoice states, "In the event it becomes necessary to initiate any legal action, including arbitration, to collect the balance due on this invoice, the prevailing party shall be entitled to recover all reasonable attorney fees and cost incurred thereby." *Id*. In addition to these provisions, Plaintiff has supported its request for prejudgment interest and attorneys' fees by a letter from Anthony M. Rainone, Esq., dated March 27, 2008, which argues that, under New York law, these additional terms were made part of the contract between the parties. *See Coosemans Specialties*, 485 F.3d at 708 ("When the parties are two merchants, the additional terms become part of the contract unless the party opposing those terms can establish one of three exceptions") (quoting N.Y. U.C.C. § 2-207(2)). Based upon the provisions included in the invoice and Plaintiff's recent submission, it is clear that Plaintiff is entitled to recover

prejudgment interest and attorneys' fees. *See id.*; *see also AFL Fresh & Frozen Fruits & Vegetables*, 2007 U.S. Dist. LEXIS 90144, at *26-*29.

In support of its request for prejudgment interest, Plaintiff has only provided a "PACA Trust Chart," annexed to the Barrow Affidavit. The chart provides a summary of the expenses associated with Defendants' unpaid invoice, including accrued interest as of August 10, 2007. The chart indicates that the unpaid invoice has generated $5,109.50 in accrued interest, which is the same amount Plaintiff seeks to recover in prejudgment interest. Although there is no explanation as to how this amount was calculated, this Court would presume it is based upon the 1.5% monthly interest rate delineated in the invoice. However, based upon this Court's calculations, interest is accruing at a daily amount of $11.02 (*i.e.*, the monthly rate, $330.70 ($22,046.94 x 0.015), divided by 30 days), and at this daily rate, on August 10, 2007 – 422 days after interest began accruing – the amount of accrued interest is $4,650.44. Given that Plaintiff has failed to explain how it calculated the amount it seeks in prejudgment interest, Plaintiff's recovery of prejudgment interest is limited to the $11.02 daily rate. *See Watermelon Exp., Inc. v. Marine Park Farmer's Market, Inc.*, No. CV 05-4649, 2007 WL 4125105, at *1 (E.D.N.Y. Nov. 16, 2007) *adopting Watermelon Exp.*, 2007 WL 4125111. Thus, Plaintiff is entitled to prejudgment interest at the daily rate of $11.02, based upon a June 15, 2006 accrual date.

In support of its request for attorneys' fees, Plaintiff has submitted two declarations – one from Plaintiff's local counsel, Mr. Rainone, and another from Plaintiff's counsel of record, Michael J. Keaton, Esq. The Rainone Affidavit provides the time records for Plaintiff's local counsel, which substantiates its claim of 5.0 hours of attorney time and 2.4 hours of paralegal time. *See* Declaration of Anthony M. Rainone, Esq., dated August 10, 2007 ("Rainone Decl."),

Exh. A. In addition, the time records annexed to the Keaton Affidavit substantiate Plaintiff's claim of 16.6 hours of attorney time were expended by Plaintiff's counsel of record. *See* Declaration of Michael J. Keaton, Esq., undated ("Keaton Decl."), Exh. A. Plaintiff also seeks to recover for the "estimated" 9.16 hours that its counsel of record is expected to expend. Given that Plaintiff has not provided the Court with any basis for awarding Plaintiff attorneys' fees premised on these estimated hours, *see Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), the Court will not incorporate these "estimated" hours into Plaintiff's attorneys' fees award.[4] However, this Court has reviewed the time records Plaintiff submitted regarding the time actually expended, and finds the total of 24.0 hours (*i.e.*, 16.6 hours by counsel of record; 7.4 hours by local counsel) spent on this case to be entirely reasonable.

Although Plaintiff failed to include counsel's curricula vitae in support of its request for attorneys' fees, counsel's declarations provide sufficient information for this Court to determine that counsel's billing rates are reasonable. *See Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050, 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates and $200 to $250 for senior associates."). Accordingly, Plaintiff is awarded $4,922.00 (*i.e.*, $3,758.00 for counsel of record; $1,164.00 for local counsel) in attorneys' fees. *See generally Quaratino v. Tiffany & Co.*, 166 F.3d 422, 424 (2d Cir. 1999) (holding that attorneys' fees are "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.").

---

[4] Also, this Court would find it difficult to determine how much of the "estimated" 9.16 hours Plaintiff's counsel actually expended since it identifies tasks constituting the 9.16 hours that counsel clearly did not perform, such as "oral arguments [*sic*] on motion for default judgment."

Plaintiff also seeks to recover its costs and disbursements during this litigation, totaling $685.13. With the exception of computer research, these costs are reasonable. *See King v. JCS Enterprises, Inc.*, 325 F. Supp. 2d 162, 172 (E.D.N.Y. 2004) ("[J]udges in the Eastern District uniformly disallow applications for electronic research costs."). Therefore, Plaintiff is awarded $586.20 in costs and disbursements. Accordingly, Plaintiff is awarded prejudgment interest at a daily rate of $11.02, based upon a June 15, 2006 accrual date, and attorneys' fees and costs, totaling $5,508.20.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. Defendants Direct Produce and Ilan Ohioan, individually, shall be jointly and severally liable to Plaintiff for in the amount of $22,046.94 for unpaid invoices, plus prejudgment interest at a daily rate of $11.02 based upon a June 15, 2006, accrual date, and $5,508.20 in attorneys' fees and costs. Accordingly, the Clerk of Court is directed to enter judgment in favor of Plaintiff in accordance with this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
 March 31, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge